# IN THE COURT OF APPEALS OF IOWA

No. 20-1463
Filed February 17, 2021

**IN THE INTEREST OF B.S.,**
**Minor Child,**

**J.R., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker Parry, District Associate Judge.


A mother appeals the termination of her parental rights to her child. **AFFIRMED.**


Molly Vakulskas Joly of Vakulskas Law Firm, P.C., Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Lesley D. Rynell of the Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.


Considered by Vaitheswaran, P.J., Mullins, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**CARR, Senior Judge.**

A mother appeals the termination of her parental rights to her child. She contends the State failed to prove the grounds for termination and termination is not in the child's best interests. We review her claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(h) (2020). There is no dispute over the first three elements of this section: the child (1) is three years of age or younger, (2) has been adjudicated a child in need of assistance (CINA), (3) and has been removed from the mother's care for at least six months. *See* Iowa Code § 232.116(1)(h)(1)-(3). But the mother challenges the State's proof of the final element: that the child would be exposed to adjudicatory harm if returned to her care at the time of the termination hearing. *See id.* § 232.116(1)(h)(4) (requiring proof that "the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time"); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing"); *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (noting a child cannot be returned to the custody of the parent if doing so would expose the child to any harm amounting to a new CINA adjudication).

Clear and convincing evidence shows the child cannot be returned to the mother's care due to domestic violence in the home. The child's father has a history of severe violent behavior, including domestic abuse assault against the mother while she was pregnant with the child. In spite of the risk of harm the father's behavior presents the child, the mother continued her relationship with the

father for more than one year after the April 2019 CINA adjudication while the domestic violence continued. The State filed its petition to terminate parental rights in May 2020 after the mother and the father were arrested following a physical altercation. Although the mother denied having contact with the father since then, by July she was in a new relationship with a man who also has a history of domestic violence. The mother's ongoing involvement in such relationships and her failure to recognize the danger that it presents to the child places the child at risk of further adjudicatory harm. The State proved the grounds for termination under section 232.116(1)(h).

Having found the grounds for termination exist, we next consider whether termination is in the child's best interests. *See* Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). In determining best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests determination are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). Both are absent here. We have already determined that the child cannot be safely returned to the mother's care. And the child is in urgent need of permanency. *See* Iowa Code § 232.116(1)(h)(3) (allowing termination if the child has been removed from the parent's care for six months); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) (stating "[i]t is unnecessary to take from the child's future any more than is demanded by statute," and noting that any plan to extend that period "should be viewed with a sense of urgency"); *see also In re A.M.*, 843 N.W.2d 100, 112 (Iowa

2014) ("[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)).  Despite the close bond between the mother and the child, termination is in the child's best interests.

**AFFIRMED.**